EUGENE A. MERRILL *vs.* DELBERT M. BENNER.

Kennebec County. Decided September 26, 1922. This is an action of deceit to recover damages for alleged misrepresentations in the sale of farm property. The jury found a verdict for the

plaintiff for the sum of $4,450; the case is before us upon a general motion. The defendant strenuously insists that the verdict is manifestly wrong on the issue of liability, and that, even if the court is not convinced that a new trial should be granted for that reason, the damages awarded are clearly excessive.

We have given the record our careful consideration. The declaration contains allegations charging actionable misrepresentations as to the farm, which we have classified under five heads; (1) as to the orchard on the "Sand Knoll place" and the production of apples thereon; (2) as to the shingling of the buildings; (3) as to the location of a spring claimed by defendant to be on the "Sand Knoll place;" (4) as to the amount of wood on the Blaisdell lot and the quality of the orchard thereon; (5) representations as to the timber lot of 32 acres excepting those excluded as not actionable; the declaration contains two other charges of misrepresentations as to the farm, one of which was abandoned by plaintiff's counsel as inserted by error, the other relating to value of standing timber on the 32-acre lot, excluded by the presiding Justice from consideration by the jury as not actionable. Another charge of actionable misrepresentation relates to certain sawed and unsawed lumber, sold by defendant to plaintiff in a transaction independent of the sale of the farm; the latter charge appears to have been lost to sight in the trial, and we have been unable to discover any evidence affording basis for an award of damages, even if the charge is sustained. Our consideration of the case is therefore confined to the first five classes of representations relating to the farm.

That the representations alleged related to material facts directly affecting the value of the property, is not questioned. Whether such representations were in fact made by the defendant, were false, and were relied upon by the plaintiff as material influences inducing him to purchase the property are questions of fact for the jury. The weight to be given to the testimony was an important, practically controlling, element in the decision of the case. Without extending here an analysis of the evidence, it is sufficient to say that the record contains ample evidence, if believed by the jury, to sustain their verdict on the question of liability for all five classes of representations. We perceive no ground upon which we are justified in reversing their conclusion.

As to the damages. A majority of the court deem the award of damages excessive and are of the opinion that a verdict of three thousand dollars is ample. Motion overruled if plaintiff within twenty days after mandate is filed remits all of the verdict in excess of $3,000; otherwise motion sustained. *Pattangall & Locke*, for plaintiff. *McGillicuddy & Morey*, for defendant.

